Filed 6/10/25  P. v. Garcia CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B338707 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA138635) |
| JOHN RAYMOND GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge.  Appeal dismissed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan J. Kline and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant John Raymond Garcia appeals from the trial court's decision not to act on his petition to recall his sentence and resentence him under Penal Code section 1172.1.[1] We conclude the trial court's decision does not constitute an appealable order. We thus dismiss the appeal.

## BACKGROUND

The facts underlying defendant's conviction are not at issue in this appeal, and we do not summarize them.

An information filed on December 10, 1996 charged defendant with two counts of attempted murder of a peace officer, two counts of assault with a firearm upon a peace officer, and one count each of possession of a firearm by a felon and possession for sale of cocaine base. The information alleged firearm enhancements to the attempted murder and assault counts. The information further alleged a prior conviction subjecting defendant to sentencing under the "Three Strikes" law.

Pursuant to a plea agreement, defendant pleaded no contest to one count of assault with a firearm upon a peace officer, and admitted he was armed with a firearm during commission of the offense. Defendant also admitted to three prior convictions for robbery, two of which had firearm enhancements imposed. The trial court sentenced defendant to 29 years to life on the assault count and dismissed the other counts in the information.

---

[1] Unspecified statutory citations are to the Penal Code.

On September 15, 2022, defendant filed a motion for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261.[2] The trial court granted the request and appointed counsel.

On August 16, 2023, defendant's appointed counsel filed a petition for resentencing under former section 1170.95, now numbered section 1172.6. On February 8, 2024, defendant's appointed counsel filed a request for recall of sentence and resentencing under section 1172.1. The section 1172.1 request listed changes in the law since defendant's sentencing and documented defendant's rehabilitative efforts while incarcerated.

On April 26, 2024, the trial court held a hearing and "brief[ly]" conferred off the record with defendant's appointed counsel and two deputy district attorneys, one representing the People regarding the section 1172.1 request and one representing the People regarding the section 1172.6 petition. Going back on the record, the court stated, "So the court indicated as to the 1172.1 motion filed by the defense, the court doesn't even really need to respond to that motion because those motions need to be initiated either by the court of its own accord or by the People, and since neither of those conditions precedent [is] met, that motion is moot, for lack of a better description." The court continued, "I'm not going to rule on it because I guess it is improperly requested. [¶] So the 1172.1 motion is simply off calendar . . . ."

---

[2] A *Franklin* hearing provides a defendant with an opportunity to place evidence on the record that may be relevant to a future youth offender parole hearing. (*People v. Benzler* (2021) 72 Cal.App.5th 743, 749.)

The trial court denied the section 1172.6 petition, finding defendant was not convicted of a qualifying offense. The court set the *Franklin* hearing for June 18, 2024.

Defendant timely appealed.

## DISCUSSION

Although defendant sought resentencing under both section 1172.1 and section 1172.6, on appeal he raises arguments only as to his section 1172.1 petition. We therefore do not address the denial of his section 1172.6 petition.

Under section 1172.1, the "[trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (§ 1172.1, subd. (a)(1).) The court may also act upon the recommendation of certain government officials. (*Ibid.*)

"A defendant," however, "is not entitled to file a petition seeking relief from the court" under section 1172.1, and "[i]f a defendant requests consideration for relief under [section 1172.1], the court is not required to respond." (§ 1172.1, subd. (c).) Courts have read this language to mean "a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*), italics omitted; accord, *People v. Roy* (2025) 110 Cal.App.5th 991, 994 (*Roy*) [agreeing with *Hodge*'s reasoning].)

Because a defendant has no right to a ruling when the defendant files an unauthorized petition under section 1172.1,

4

courts have further held a trial court's decision not to act on the defendant's petition does not affect the defendant's substantial rights, and therefore is not appealable. (*Hodge, supra*, 107 Cal.App.5th at p. 996; *Roy, supra*, 110 Cal.App.5th at p. 994; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692 (*Faustinos*).)

Defendant concedes that had the trial court "chosen not to respond" to his petition, defendant would have no right to appeal. Defendant argues the trial court in this case did respond, however, by holding a hearing, consulting with counsel, and effectively denying the motion "because it believed there was no condition precedent that allowed further consideration of it." Defendant argues this "is plainly not true," because the trial court had discretion to act upon defendant's request on its own motion, without any "condition precedent." Defendant contends he "was entitled to consideration by a court that was aware of its discretion to either act upon his petition to conclusion, or decline to act." Defendant requests that we remand the matter for the trial court to "exercise its informed discretion."

We do not read the trial court's comments as indicating a misunderstanding of its discretion. The trial court correctly stated that section 1172.1 proceedings may be initiated solely on the court's own motion or by request by government officials, not by a defendant's petition. The court further correctly stated neither of those "conditions precedent" had occurred—the court had not decided on its own motion to recall defendant's sentence, nor had the People so requested. The court then concluded, again correctly, that it did not have to act on defendant's petition, which it took off calendar. This decision not to act on defendant's petition is not appealable. (*Hodge, supra*, 107 Cal.App.5th at p. 996.)

5

Assuming arguendo, as defendant contends, the trial court's comments indicated a misunderstanding of the court's discretion to act on its own motion, we disagree that misunderstanding rendered the court's decision appealable. Instructive is *Faustinos*.[3] In that case, the trial court took no action on a defendant's section 1172.1 petition, stating it " '[did] not have jurisdiction to consider [the] motion.' " (*Faustinos*, *supra*, 109 Cal.App.5th at p. 693.) On appeal, the defendant argued, inter alia, "[T]he court erroneously believed that it lacked the authority to act on its own motion, which renders the order appealable." (*Id.* at p. 697.)

The Court of Appeal disagreed the trial court's statement that it did not have jurisdiction "indicate[d] that it misunderstood its own authority," when the trial court simply could have meant, correctly, that it lacked jurisdiction to act on a defendant's unauthorized motion, as opposed to the court's own motion. (*Faustinos*, *supra*, 109 Cal.App.5th at p. 698.) The appellate court further concluded that, "even assuming the trial court erroneously stated . . . that it lacks authority to act on its own motion, we do not think that would convert a nonappealable order to an appealable one." (*Ibid.*) " '[A]ppealability depends upon the nature of the decision made, not the court's justification for its ruling.' " (*Ibid.*, quoting *People v. Gallardo* (2000) 77 Cal.App.4th 971, 985.) "[W]e do not think that the [trial] court can transform a nonappealable order (stating that it would not act on an unauthorized motion) into an appealable one by

---

[3] Although *Faustinos* was issued after defendant filed his opening brief, the Attorney General discussed *Faustinos* in the respondent's brief, and defendant therefore had the opportunity to address the decision in his reply. He chose not to file a reply.

6

addressing a matter that it needed not address (its jurisdiction to act on its own), even if it was wrong about that matter." (*Faustinos*, at p. 698.)

We agree with *Faustinos*. Section 1172.1, subdivision (c) expressly provides a defendant has no right to file a resentencing petition under that statute, nor does the defendant have the right to a ruling on that petition. (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) Because the defendant has no right to a ruling, a court's decision not to rule on the petition does not deprive the defendant of anything to which he otherwise might be entitled. The court's decision therefore does not affect the defendant's substantial rights, and is not appealable. (*Ibid.*; *Faustinos*, *supra*, 109 Cal.App.5th at p. 692.) This is so regardless of the basis for the trial court's decision not to act on the petition. (See *Faustinos*, at p. 698.)

In arguing to the contrary, defendant cites an opinion that has since been depublished following rehearing by the appellate court that issued it, and is no longer citable authority. (See *People v. Chatman* (Feb. 4, 2025, F087868), formerly reported at 108 Cal.App.5th 650, rehg. granted & vacated Mar. 3, 2025.)

Defendant also cites *People v. Loper* (2015) 60 Cal.4th 1155 and *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*) for the proposition that a defendant has standing to appeal the denial of sentencing relief even if the defendant himself cannot petition for that relief. (See *Loper*, at p. 1158 [prisoner may appeal denial of compassionate release request initiated by prison or parole authorities]; *Carmony*, at p. 376 ["the defendant's inability to move to dismiss [a strike conviction] under section 1385 should not . . . preclude him or her from raising the erroneous failure to do so on appeal"].)

7

As *Hodge* explained, *Loper* is inapposite because it involved a properly initiated request by prison officials, whereas a defendant's petition for relief under section 1172.1 is, by definition, improper under subdivision (c) of that statute. (*Hodge*, *supra*, 107 Cal.App.5th at p. 997.) Thus, whereas in *Loper* the trial court was statutorily obligated to rule on the prison officials' request, no such obligation exists to respond to a prisoner's petition under section 1172.1. (*Hodge*, at p. 997; § 1172.1, subd. (c).)

*Hodge* further explained that *Carmony* is inapposite because the statute at issue in that case, section 1385, places "constraints on a trial court's discretion." (*Hodge*, *supra*, 107 Cal.App.5th at p. 997, citing *Carmony*, *supra*, 33 Cal.4th at p. 375.) Specifically, when a defendant invites a court to exercise its discretion under section 1385, " ' "the court must consider evidence offered by the defendant in support of its assertion that the dismissal would be in furtherance of justice." ' " (*Hodge*, at p. 997, quoting *Carmony*, at p. 375.) "Moreover, ' "[w]hen the balance falls clearly in favor of the defendant, a trial court not only may *but should* exercise the powers granted to [it] by the Legislature and grant a dismissal in the interests of justice." ' " (*Hodge*, at p. 997, quoting *Carmony*, at p. 375.) Unlike section 1385, however, "section 1172.1 places no constraints on the trial court's decision declining to initiate reconsideration of a sentence on its own motion." (*Hodge*, at p. 997.)

*Faustinos* further distinguished *Carmony* because the latter concerned a direct appeal from a conviction, over which the appellate court clearly had jurisdiction, and therefore *Carmony* did not consider whether a trial court's refusal to act on a discretionary *post-conviction* petition was appealable. (*Faustinos*,

8

*supra*, 109 Cal.App.5th at p. 699.)  We agree with *Hodge* and *Faustinos* that *Loper* and *Carmony* do not control here.

Defendant cites numerous cases for the proposition that "[t]he failure to exercise conferred discretion constitutes a denial of a fair hearing and deprivation of fundamental procedural rights and requires reversal."  This proposition presupposes defendant had a right to a ruling on his unauthorized petition, which, as we have explained, he did not.

Defendant argues the trial court did not "disregard the request," as it was entitled to do under section 1172.1, subdivision (c), but rather "placed [the request] on calendar, engaged and consulted an opposing attorney off the record, and only after that consultation issued its order refusing to take any further action . . . ."

To the extent defendant suggests the trial court's course of action converted its decision not to rule on his request into an appealable order, we reject the suggestion.  Again, " 'appealability depends upon the nature of the decision made, not the court's justification for its ruling.' [Citation.]" (*Faustinos*, *supra*, 109 Cal.App.5th at p. 698.)  What matters for our purposes is the trial court declined to act on the petition, as it was entitled to do under section 1172.1, subdivision (c).  Whether it reached that decision on its own or after consultation with counsel is irrelevant, because it is the " 'nature of the decision made' " that determines appealability. (*Faustinos*, at p. 698.)  Nor would we wish to discourage trial courts from consulting with counsel and giving a defendant's section 1172.1 petition due consideration for fear that doing so would convert a nonappealable order into an appealable one.

Although a trial court's decision not to act on a defendant's section 1172.1 petition is not appealable, "a defendant has a remedy if a trial court wrongly declares that it lacks jurisdiction to act on its own motion under section 1172.1.  That remedy is to petition for a writ of habeas corpus in the trial court." (*Faustinos*, *supra*, 109 Cal.App.5th at pp. 698–699.)  "In such a petition, the defendant would set forth the circumstances that 'would support setting the matter for a new sentencing hearing,' and if the trial court concludes the petition may have merit, it can act on it. [Citation.]  In the unlikely event that the trial court wrongly insists it has no authority to act even when told that changes in law create discretionary section 1172.1 jurisdiction, the defendant could petition for a writ of habeas corpus in our court." (*Faustinos*, at p. 699.)  Should defendant file a writ petition in the trial court, we express no opinion how the trial court should rule.

**DISPOSITION**

The appeal is dismissed.
NOT TO BE PUBLISHED.


BENDIX, Acting P. J.


We concur:



WEINGART, J.                    M. KIM, J.



10